UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AGUEDA BELEN,

        Plaintiff,

-against-

THE CITY OF NEW YORK,
CORRECTIONS OFFICER G. BROWN
and CORRECTIONS OFFICER FNU ROBERTS,

        Defendants,
------------------------------------------------------------X

**Judge Hellerstein**

**'07 CIV 5812**

COMPLAINT

PLAINTIFF
DEMANDS
TRIAL BY JURY


RECEIVED
JUN 20 2007
U.S.D.C. S.D. N.Y.
CASHIERS

        PLAINTIFF AGUEDA BELEN by her attorney DAVID A. ZELMAN, Esq., for her COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which PLAINTIFF AGUEDA BELEN (hereinafter "BELEN") seeks damages to redress the deprivation, under color of state law, of rights secured to her under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about April 13, 2007, at or near 16-00 Hazen st. East Elmhurst, New York BELEN was illegally strip searched and falsely arrested by New York City Correctional Officers ROBERTS (hereinafter "ROBERTS") and G. BROWN (hereinafter "BROWN"). It is alleged that the defendants falsely arrested and illegally strip searched BELEN in violation of her

constitutional rights. During the arrest, BELEN was strip searched. As a result of the incident, BELEN suffered loss of enjoyment of life, mental anguish, shame, humiliation, indignity, and damage to reputation, among other damages. Plaintiff appends state and federal law claims.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. BELEN at all times resided at 624 Clinton St., Apt. 6A. Brooklyn, NY, 11231.

4. Defendant CITY is the municipal corporation that operates Otis Bantum Correctional Center (hereinafter "OBCC") at the Riker's Island Correctional Facility.

5. Corrections Officer FNU ROBERTS is and was a Correctional Officer employed by defendant City of NEW YORK acting within the scope of her duties as a police officer.

6. Corrections Officer G. BROWN is and was a Correctional Officer employed by defendant City of NEW YORK acting within the scope of her duties as a police officer.

7. At all relevant times hereto, Defendant CITY was responsible for making and

enforcing the policies of the New York City Corrections Department, and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

### IV. FACTS

8. On or about April 13, 2007, BELEN went to visit her boyfriend at OBCC located on Riker's Island.

9. BELEN, prior to visiting her boyfriend, was stopped at a security checkpoint and passed through metal detectors.

10. After approximately 15 minutes of speaking with her boyfriend, BELEN was interrupted by approaching Correctional Officer BROWN.

11. BROWN told BELEN to follow her into a non-contact visiting booth. Soon after, ROBERTS walked in to the visiting booth.

12. ROBERTS instructed BELEN to put her hands up in the air and to spread her legs.

13. BELEN, asking why she was being subjected to the search, was patted down by BROWN.

14. BELEN was told to take her belt and shoes off.

15. While in custody, and during the course of being patted down, BROWN slid her hand down BELEN's pants. BELEN told BROWN to stop since she was having her period.

16. BROWN told BELEN to spread her legs and keep her arms up.

17. BROWN then unbuckled BELEN's pants and pulled them down to her thigh. BROWN then told BELEN to move the sanitary pad away from her body and BELEN complied.

18. At no point throughout the detention did any correctional officer offer an explanation for the procedure.

19. BELEN, was told to put her clothing back on and was escorted out of the non-contact visiting booth.

20. BELEN suffered greatly and was emotionally traumatized by her detention and imprisonment.

21. BELEN was not charged with any crime.

22. BELEN suffered damage to her reputation and extreme humiliation by the illegal strip search.

23. That heretofore and on the 30th day of April, 2007, BELEN's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of BELEN, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

24. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

25. Paragraphs 1 through 24 of this complaint are hereby realleged and incorporated by reference herein.

26. That Defendants had no valid evidence for the arrest of BELEN, nor legal cause or excuse to seize and detain BELEN.

27. That in detaining BELEN without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

28. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

29. As a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

30. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of BELEN's rights alleged herein.

31. By reason of defendants' acts and omissions, defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of

BELEN's rights, subjected BELEN to an unlawful, illegal and excessive detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

32. By reason of the foregoing, BELEN suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VI. SECOND CAUSE OF ACTION
**Pursuant to State Law (FALSE ARREST)**

33. Paragraphs 1 through 32 are hereby realleged and incorporated by reference herein.

34. That the seizure, detention and imprisonment of BELEN was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison BELEN.

35. That defendants intended to confine BELEN.

36. That BELEN was conscious of the confinement and did not consent to the confinement.

37. That the confinement was not otherwise privileged.

38. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of BELEN' rights, deprived BELEN of her liberty when they subjected BELEN to an unlawful, illegal and excessive detention, in violation of State law.

39. That by reason of the foregoing, BELEN suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (ILLEGAL STRIP SEARCH)

40. Paragraphs 1 through 39 are hereby realleged and incorporated by reference herein.

41. That defendants strip searched BELEN absent a requisite reasonable suspicion that BELEN were concealing weapons and / or contraband.

42. That defendants had no legally sufficient cause to strip search BELEN.

43. That by reason of defendants' acts and omissions, defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of BELEN's rights, subjected BELEN to an illegal strip search, in violation of her rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (ILLEGAL STRIP SEARCH)

44. Paragraphs 1 through 43 are hereby realleged and incorporated by reference herein.

45. That defendants strip searched BELEN absent a requisite reasonable suspicion that BELEN was concealing weapons and /or contraband.

46. That defendants had no legally sufficient cause to strip search BELEN.

47. That by reason of defendants' acts and omissions, defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of BELEN's rights, subjected BELEN to an illegal strip search, in violation of her rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, BELEN has suffered and will continue to suffer emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, BELEN respectfully requests that judgment be entered:

1. Awarding BELEN compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding BELEN punitive damages in an amount to be determined by a jury;

3. Awarding BELEN interest from April 13, 2007; and

4. Awarding BELEN reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
June 11, 2007

DAVID A. ZELMAN, ESQ.
(dz 8578)
612 Eastern Parkway
Brooklyn, New York
11225 - (718)604-3072