UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

AGUEDA BELEN,

                                                        Plaintiff,

-against-

THE CITY OF NEW YORK, CORRECTIONS OFFICER
G. BROWN and CORRECTIONS OFFICER FNU
ROBERTS,

                                                        Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND CORRECTION CAPTAIN BROWN**

07 CV 5812 (AKH)

JURY TRIAL DEMANDED

------------------------------------------------------------------- x

        Defendants City of New York and Correction Captain Brown,[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

---

[1] Upon information and belief, the individual identified in the caption of the complaint as "Corrections Officer Fnu Roberts" has not been served with a copy of the summons and complaint or requested legal representation from the Office of the Corporation Counsel, and therefore is not a defendant in this action at this time.

4.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York is a municipal corporation existing under the laws of the State of New York and that the City of New York maintains correctional facilities on Rikers Island.

5.  Deny the allegations set forth in paragraph "5" of the complaint.

6.  Deny the allegations set forth in paragraph "6" of the complaint, except admit that the individual identified in the caption of the complaint as "G. Brown" was employed by the City of New York as a Correction Captain, and state that the allegations concerning "acting within the scope of her duties as a police officer" sets forth conclusions of law rather than averments of fact, to which no response is required.

7.  Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York maintains a correction department.

8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Admit the allegation set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about May 16, 2007.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about May 16, 2007, and that the claim has not been adjusted or paid.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege paragraphs "1" through "25" of this answer as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege paragraphs "1" through "32" of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege paragraphs "1" through "39" of this answer as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege paragraphs "1" through "43" of this answer as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

48. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

49. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

50. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

51. Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit under state law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

52. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

53. The actions of any officers involved were justified by probable cause and/or reasonable suspicion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

54. Defendant Brown has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

55. At all times relevant to the acts alleged in the complaint, defendant Brown acted reasonably in the proper and lawful exercise of her discretion.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

56.     Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

57.     At all times relevant to the incident, defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion.  As such, defendant City is entitled to governmental immunity.

### AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

58.     To the extent that the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**WHEREFORE,** defendants City of New York and Captain Brown request judgment dismissing the Complaint, as against them with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            September 11, 2007

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendants City of New York and
                    Captain Brown
                    New York, New York 10007
                    (212) 788-1041

                By: _____
                    Sarah Evans (SE 5971)
                    Assistant Corporation Counsel

To:     David Zelman, Esq. (By ECF and mail)
        Attorney for Plaintiff
        612 Eastern Parkway
        Brooklyn, New York 11225

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

      I, Sarah Evans, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on September 11, 2007, I served the annexed **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK and CAPTAIN BROWN** by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

    David Zelman, Esq.
    Attorney for Plaintiff
    612 Eastern Parkway
    Brooklyn, New York 11225

Dated: New York, New York
       September 11, 2007

                                          Sarah Evans
                                          Assistant Corporation Counsel

Docket No. 07 CV 5812 (AKH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AGUEDA BELEN,

Plaintiff,

-against-

THE CITY OF NEW YORK, CORRECTIONS OFFICER G. BROWN and CORRECTIONS OFFICER FNU ROBERTS,

Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND CAPTAIN BROWN**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and Captain Brown*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Sarah Evans*
*Tel: (212) 788-1041*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................... ,2007*

*................................................................ Esq.*

*Attorney for .......................................................*

- 7 -