UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

AGUEDA BELEN,

                                         Plaintiff,

-against-

THE CITY OF NEW YORK, CORRECTIONS OFFICER
G. BROWN and CORRECTIONS OFFICER FNU
ROBERTS,

                                         Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT ROBERTS**

07 CV 5812 (AKH)

JURY TRIAL DEMANDED

------------------------------------------------------------------ x

Defendant Correction Officer Latoya Roberts,[1] by her attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for her answer to the complaint, respectfully alleges, upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that the City of New York is a municipal corporation existing under the laws of the State of New York and that the City of New York maintains correctional facilities on Rikers Island.

---

[1] Defendants City of New York and Captain Brown served and filed an answer to the complaint on or about September 11, 2007.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that Latoya Roberts, who is identified in the caption of the complaint as "FNU Roberts," was employed by the City of New York as a Correction Officer, and states that the allegations concerning "acting within the scope of her duties as a police officer" set forth conclusions of law rather than averments of fact, to which no response is required.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that the individual identified in the caption of the complaint as "G. Brown" was employed by the City of New York as a Correction Captain, and states that the allegations concerning "acting within the scope of her duties as a police officer" set forth conclusions of law rather than averments of fact, to which no response is required.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York maintains a correction department.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Admits the allegation set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about May 16, 2007.

25. Denies the allegations set forth in paragraph "25" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about May 16, 2007, and that the claim has not been adjusted or paid.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and realleges paragraphs "1" through "25" of this answer as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and realleges paragraphs "1" through "32" of this answer as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendant repeats and realleges paragraphs "1" through "39" of this answer as if fully set forth herein.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendant repeats and realleges paragraphs "1" through "43" of this answer as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

48. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

49.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

50.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

51.     Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit under state law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

52.     Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

53.     The actions of any officers involved, including Correction Officer Roberts, were justified by probable cause and/or reasonable suspicion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

54.     Defendant Roberts has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

55.     At all times relevant to the acts alleged in the complaint, defendant Roberts acted reasonably in the proper and lawful exercise of her discretion.

**WHEREFORE,** defendant Correction Officer Roberts requests judgment dismissing the Complaint, as against her with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 29, 2007

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendants City of New York, Captain
                                Brown and Correction Officer Roberts
                                New York, New York 10007
                                (212) 788-1041

                    By:      */s/ Sarah B Evans*
                                Sarah Evans (SE 5971)
                                Assistant Corporation Counsel

To:    David Zelman, Esq. (By ECF and mail)
         Attorney for Plaintiff
         612 Eastern Parkway
         Brooklyn, New York 11225

Docket No. 07 CV 5812 (AKH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AGUEDA BELEN,

Plaintiff,

-against-

THE CITY OF NEW YORK, CORRECTIONS OFFICER G. BROWN and CORRECTIONS OFFICER FNU ROBERTS,

Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT ROBERTS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Captain Brown and Correction Officer Roberts*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Sarah Evans*
*Tel: (212) 788-1041*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................, 2007*

*.................................................................. Esq.*

*Attorney for ......................................................*